IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES SCHINGLER, | : | No. 3:13cv1388 |
| Plaintiff | : | |
| v. | : | (Judge Munley) |
| | : | |
| UNITED STATES OF AMERICA, | : | (Magistrate Judge Schwab) |
| Defendant | : | |

## **MEMORANDUM**

Before the court for disposition is Magistrate Judge Susan E. Schwab's Report and Recommendation (hereinafter "R&R"). (Doc. 31). The R&R proposes denying the government's motion to dismiss. The government filed objections to the R&R (Doc. 35), and they are ripe for disposition.

**Background**

The instant *pro se* Federal Tort Claims Act (hereinafter "FTCA") action arose from Plaintiff James Schingler's (hereinafter "plaintiff") incarceration at the United States Penitentiary-Lewisburg (hereinafter "USP Lewisburg").[1] Plaintiff alleges that on November 22, 2010, Inmate Taylor (hereinafter "Taylor") attacked him. (Doc. 1, Compl. ¶ 1). Evidently, the Corrections Officers were moving Taylor into plaintiff's cell. Specifically, Corrections Officers came to plaintiff's cell and handcuffed plaintiff's hands behind his

---

[1] Plaintiff is presently incarcerated at USP Canaan. (Doc. 36). The alleged events, however, occurred while plaintiff was incarcerated within the Special Management Unit at USP Lewisburg. (Doc. 1, Compl. ¶¶ 6, 18).

back. (Id. ¶¶ 1, 18-19). Corrections Officers next ordered plaintiff to move away from his cell door and face the back of his cell. (Id. ¶ 19). Taylor was allowed to enter plaintiff's cell and Corrections Officers closed the cell door. (Id. ¶ 20). Corrections Officers then removed Taylor's handcuffs. (Id.)

Immediately after the removal of his restraints, Taylor brandished a previously hidden slicing weapon and viciously attacked plaintiff. (Id. ¶ 21). Taylor also struck plaintiff with his fist and foot. (Id.) Plaintiff claims he ran to his cell door and pleaded with officers to help or remove his handcuffs. (Id.) The Corrections Officers, however, failed to intervene. (Id.)

Taylor resumed his attack and inflicted a six (6) centimeter long laceration on plaintiff's neck. (Id. ¶¶ 21, 25). Corrections Officers repeatedly ordered Taylor to stop and eventually dispersed pepper spray into the cell until Taylor succumbed to its effects allowing Corrections Officers to enter the cell and handcuff him. (Id. ¶ 22).

Plaintiff was taken to a medical examination room and treated for cuts, abrasions and the six (6) centimeter laceration, which required skin adhesive and sutures. (Id. ¶ 25) In addition to the physical trauma, plaintiff contends that he suffers from emotional and psychological pain and suffering and has been diagnosed with Post Traumatic Stress Disorder and anxiety. (Id. ¶ 26).

Based on these allegations, plaintiff filed a three-count negligence

2

complaint under the FTCA.  Plaintiff alleges that the government was negligent in: (1) placing Taylor in plaintiff's cell; (2) allowing Taylor to possess an illegal razor-type weapon; and (3) failing to immediately enter plaintiff's cell to stop the attack.

On August 23, 2013, the government filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  (Doc. 17).  On January 23, 2014, Magistrate Judge Schwab recommended denying the government's motion to dismiss.  (Doc. 31).  The government filed objections to the recommendation bringing this case to its present posture.

**Legal Standard**

In disposing of objections to a R&R, the district court must make a *de novo* determination of those portions of the report against which objections are made.  28 U.S.C. § 636(b)(1)(c); see also Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).  The court may accept, reject, or modify, in whole or in part, the magistrate judge's recommendations.  Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987).  The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.  Id.

The government moves to dismiss under both Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Rule 12(b)(1) provides that a court may dismiss a complaint for "lack of subject-matter jurisdiction."  The

3

FTCA confers jurisdiction on District Courts through 28 U.S.C. § 1346(b)(1), which waives sovereign immunity only "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." CNA v. United States, 535 F.3d 132, 145 (3d Cir. 2008).  The government's Rule 12(b)(1) motion amounts to a factual attack on the court's jurisdiction, because it challenges not merely "an alleged pleading deficiency, but rather the actual failure of [plaintiff's] claims to comport with the jurisdictional prerequisites" of the FTCA. United States ex rel. Atkinson v. Pa. Shipbuilding Co., 473 F.3d 506, 514 (3d Cir. 2007).  As such, plaintiff bears the burden of establishing jurisdiction, and unlike other familiar motions, no presumptive truthfulness attaches to the allegations in the complaint. Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).  Moreover, the court may consider evidence outside the pleadings because the court is the "ultimate finder of fact" on jurisdictional questions. S.R.P. ex rel. Abunabba v. United States, 676 F.3d 329, 343 (3d Cir. 2012).

The government also filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  The court tests the sufficiency of the complaint's allegations when considering a Rule 12(b)(6) motion.  All well-pleaded allegations of the complaint must be viewed as true and in the light

most favorable to the non-movant to determine whether, "'under any reasonable reading of the pleadings, the plaintiff may be entitled to relief.'" Colburn v. Upper Darby Twp., 838 F.2d 663, 665-66 (3d Cir. 1988) (quoting Estate of Bailey by Oare v. Cnty. of York, 768 F.2d 503, 506 (3d Cir. 1985)). The plaintiff must describe "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' [each] necessary element" of the claims alleged in the complaint. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35.  In evaluating the sufficiency of a complaint the court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citations omitted).  The court does not have to accept legal conclusions or unwarranted factual inferences. See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

**Discussion**

The government objects to the recommendation that the court deny the

motion to dismiss. Specifically, the government contends that the FTCA's discretionary function exception precludes all three of plaintiff's negligence claims: Count One, placement of inmate Taylor in the cell with plaintiff; Count Two, Taylor's possession of an illegal razor-type weapon; and Count Three, USP Lewisburg staff's failure to immediately enter plaintiff's cell and stop the assault. The court addresses counts one through three *in seriatim*.

## A. Cell Placement

The government objects to the recommendation that the court deny its motion to dismiss plaintiff's negligence claim regarding the placement of Taylor in plaintiff's cell. The government contends that the FTCA's discretionary function exception precludes this claim.

As a sovereign, the United States is generally immune from suit. S.R.P., 676 F.3d at 332. The FTCA, however, waives the government's immunity "for torts committed by 'any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" Id. (quoting 28 U.S.C. § 1346(b)(1)).

In relevant part, the FTCA sets forth a discretionary function exception to the waiver of sovereign immunity. Under that exception, the government

6

remains immune from suit for any claim "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a).

In applying the discretionary function exception, the court first identifies the conduct at issue, that is, the conduct that led to injury. S.R.P., 676 F.3d at 332. The court must then conduct a two-step inquiry. First, it "must determine whether the act giving rise to the alleged injury involved an element of judgment or choice." Id. at 332-33 (internal quotation marks and citation omitted). If a specific course of conduct **was** prescribed, the exception **does not** apply. Id. at 333 (emphasis added). Second, if a specific course of conduct **was not** prescribed, the court must determine "whether the challenged action or inaction is of the kind that the discretionary function exception was designed to shield." Id. (internal quotation marks and citation omitted) (emphasis added). The second step is intended to protect governmental conduct "based on considerations of public policy." Id.

Here, in count one plaintiff alleges that the government's failure to both physically and visually strip search Taylor before placing him in plaintiff's cell was the conduct that led to plaintiff's injury. The government asserts that the discretionary function exception precludes this claim because it was not

7

required to physically and visually strip search Taylor. After careful consideration, the court agrees with the government.

In deciding that the discretionary function exception precludes plaintiff's claim, we follow the Third Circuit Court of Appeals' decision in Rinaldi v. United States, 460 F. App'x 80 (3d Cir. 2012). In Rinaldi, a federal prisoner asserted an FTCA claim after he was assaulted by his cell mate. The prisoner alleged that the prison staff knew his cell mate was violent and unstable and had a history of assaulting cell mates. Id. at 81. He averred that staff was thus negligent in not separating him from the cell mate. Id.

The Third Circuit Court of Appeals held that the discretionary function exception precluded this claim. Specifically, the court identified that conduct that led to the injury as the government's failure to protect the plaintiff. It then moved to the first step of the analysis and determined that the conduct contained an element of judgment or choice. Specifically, the statute governing the conduct requires the Bureau of Prisons (hereinafter "BOP") to provide for the protection and safekeeping of inmates in its care. 18 U.S.C. §§ 4042(a)(2) and (3). The court then concluded that this statute confers broad discretion on the BOP in carrying out that duty. Rinaldi, 460 F. App'x at 81.

On the second step, the court determined that the conduct was of a type that the exception was intended to protect: "a judgment as to how best to

protect one prisoner from attack by another." Id. at 82; see also Bell v. Wolfish, 441 U.S. 520, 547-48 (1979) (finding that "prison administrators should be afforded wide-ranging deference in implementing and executing policies because discretion is needed to preserve internal discipline and maintain institutional security.")  Because both steps of the analysis were satisfied, the discretionary function exception precluded the claim.

Likewise, in the instant matter, we find that the government's decision to place Taylor in plaintiff's cell involved an element of choice pursuant to 18 U.S.C. §§ 4042(a)(2) and (3).  Moreover, this conduct is of a type that the exception was intended to protect–giving prison officials wide-ranging deference in implementing its policies pertaining to internal discipline and institutional security.

While the Magistrate Judge reached the same conclusion, she properly noted that plaintiff alleged the existence of standing orders.  These standing orders **required** staff to conduct physical and visual strip searches on Taylor before placing him into an occupied cell thus taking away the government's discretion.  Accordingly, the Magistrate Judge determined that the government was precluded from asserting the discretionary function exception because the standing ordered prescribed a specific course of conduct that was not followed.

9

The government, aware of its shortcomings, now submits the Declaration of S. Heath, Special Investigative Agent at USP Lewisburg, to establish the absence of standing orders pertaining to Taylor.  (Doc. 35-2, Ex. A, Decl. of S. Heath).[2]  Heath states that "there was no standing order for Plaintiff or Taylor to be assigned to a cell alone.  There was no standing order that required Taylor to be visually (aka "strip") searched prior to being around other inmates.  Further, there was no requirement to have a committee review or approve Taylor's cell assignments."  (Id. ¶ 2).  In short, the government contends that the absence of standing orders pertaining to visually and physically searching Taylor allows it to assert the discretionary function exception.

We agree and thus conclude that the discretionary function exception precludes plaintiff's FTCA claim regarding the placement of Taylor in plaintiff's cell.  Therefore, based on the evidence the government has now submitted that was not before the Magistrate Judge, we will sustain the government's objection, not adopt the Magistrate Judge's recommendation on this issue and

---

[2] Because the court conducts a *de novo* review and is the "ultimate finder of fact" on jurisdictional questions, evidence outside the pleadings, may be considered. 28 U.S.C. § 636(b)(1)(c); S.R.P., 676 F.3d at 343 (3d Cir. 2012)

dismiss this claim pursuant to Federal Rule of Civil Procedure 12(b)(1).[3]

**B. Razor Blade**

The Magistrate Judge also recommends denying the motion to dismiss with regard to Count Two, negligent failure to discover the razor blade.  The government raises two objections pertaining to this claim.  First, the government objects to the recommendation that the discretionary function exception fails to preclude plaintiff's razor blade claim.  Second, the government contends that plaintiff has failed to establish a *prima facie* negligence claim against prison officials regarding Taylor's possession of a razor blade.  We address each objection in turn.

The government first contends that the discretionary function exception precludes plaintiff's razor blade negligence claim.  Federal regulations provide that "[s]taff shall employ the least intrusive method of search practicable, as indicated by the type of contraband and method of suspected introduction."  28 C.F.R. § 552.10.  Special Post Orders for Z-block, however, remove this discretion from USP Lewisburg staff.  (Doc. 30-1, Decl. of M. Saylor ¶¶ 3, 5).

The directive in the Special Post Order provides that "[a]ll inmates who

---

[3] The court will dismiss this claim with prejudice as an amendment would be futile.  See Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) (holding that district courts must permit a curative amendment within a set period of time unless such an amendment would be inequitable or futile).

11

are removed from the cell . . . are pat searched and have a hand-held metal detector ran [*sic*] over their bodies." (Id. ¶ 5).  Applying the two-part discretionary function inquiry, we find these acts, pat searching and conducting a metal detector search on inmates taken out of their cells, do not involve an element of choice–it is required by the regulation.  See Gray v. United States, —F. App'x—, 2012 WL 2384251, at *3 (3d Cir. 2012) (stating that the first step is not satisfied when prison procedures mandated that guards retrieve razors from SMU inmates after showers and inmate alleged he was injured by a razor attack by another inmate negligently allowed to keep his razor).  Therefore, the discretionary function exception does not apply to this particular claim.

      Having found the discretionary function inapplicable, the court next addresses plaintiff's negligence claim.  Under the FTCA, a court applies "the law of the place where the act or omission occurred."  28 U.S.C. § 1346(b)(1).  Because the act took place in Pennsylvania, plaintiff must establish a *prima facie* claim of negligence under Pennsylvania law.  Specifically, the plaintiff must establish: (1) the existence of a duty or obligation requiring a certain standard of conduct; (2) a failure to conform to that duty, or a breach thereof; (3) a causal connection between the breach and the harm and (4) actual loss or damage suffered.  Atcovitz v. Gulph Mills Tennis Club, Inc., 812 A.2d 1218, 1222 (Pa. 2002).

Here, plaintiff avers that the government owed him a duty of care to be free from vicious attacks. (Compl. ¶ 1). Plaintiff also claims that the government breached this duty of care because he was exposed to a vicious razor blade attack resulting in a six centimeter long laceration. (Id.) Finally, plaintiff alleges that the government's failure to comply with their standing order pertaining to searches of Z-block inmates caused him harm. (Id.) Viewing plaintiff's allegations as true, the court finds that plaintiff has properly pled a negligence claim pertaining to the razor blade attack. Accordingly, the government's objection will be overruled and plaintiff's negligence claim regarding the razor blade will be allowed to proceed.

## C. Assault

Finally, the Magistrate Judge recommends the court deny the motion to dismiss Count Three, negligent failure to intervene. The government objects arguing the discretionary function exception precludes this claim. Specifically, the government contends Lieutenant Saylor maintained discretion on how to respond to the emergency situation and when to enter plaintiff's cell.

As previously discussed, Federal law provides that BOP shall provide for the "safekeeping" and "protection" of inmates in their custody. 18 U.S.C. § 4042(a)(2)-(3). The Third Circuit Court of Appeals has held that this statute gives BOP officials discretion pertaining to "safekeeping" and "protection,"

13

thus, exempting BOP officials from liability under the FTCA.  See Rinaldi, 460 F. App'x at 81-82 (finding the implementation of BOP's duties of "safekeeping" and "protection" within the BOP officials' discretion when there was no other "federal statute, regulation or policy that require[d] the BOP to take a particular course of action to ensure an inmate's safety from attacks by other inmates.").

The government also submits the Declaration of Michael Romano to further support its assertion that Lieutenant Saylor maintained discretion on how and when to enter plaintiff's cell.[4]  (Doc. 35-2, Ex. B, Decl. of Michael Romano (hereinafter "Romano Decl.").  Romano states that the BOP has a policy directed at emergency situations, including inmate assaults.  (Id. ¶ 11).  Specifically, "under no circumstances should staff attempt to enter an inmate's cell prior to a Lieutenant arriving on the emergency scene."  (Id.)  The Lieutenant then has the discretion to make the appropriate response and "will not order the opening of a door until at least two staff members are present on the scene for each inmate involved in the emergency situation."  (Id.)

The government, however, fails to comprehend plaintiff's claim.

---

[4]  Again, we note that because the court conducts a *de novo* review and is the "ultimate finder of fact" on jurisdictional questions, evidence outside the pleadings, may be considered. 28 U.S.C. § 636(b)(1)(c); S.R.P., 676 F.3d at 343 (3d Cir. 2012).

Plaintiff's claim is not about how and when corrections should have **entered** plaintiff's cell.  Rather, plaintiff's claim pertains to the government's **failure to intervene sooner and stop the attack**.

Specifically, plaintiff alleges that when Taylor first assaulted him, he ran to the cell door, placed his hands in the slot, and pleaded with officers to help him or remove his handcuffs so he could defend himself.  (Doc. 1, Compl. ¶¶ 1, 21-23).  Instead of rendering assistance, plaintiff avers that the Corrections Officers simply said "handle your business."  (Id. ¶ 21).  Taylor continued attacking plaintiff and sliced his neck with a razor blade causing a six centimeter long laceration.  (Id. ¶¶ 21, 25).

Moreover, plaintiff states that the Corrections Officers did not immediately disperse pepper spray although BOP policies required such dispersal.  (Id. ¶¶ 22-23).  Because plaintiff has pled the existence and alleged violation of a policy requiring the immediate disbursement of pepper spray, which the government has failed to refute, the discretionary function exception is inapplicable.  Accordingly, viewing plaintiff's allegations as true, plaintiff has properly pled a negligence claim against the government for failing to intervene sooner and stop the attack.  Ergo, the government's objection will be overruled and plaintiff's negligence claim regarding the government's failure to intervene sooner will be allowed to proceed.

**Conclusion**[5]

For the reasons stated above, the court will sustain the government's objection and will not adopt the R&R regarding plaintiff's cell placement claim. This claim will be dismissed with prejudice. The court will overrule the government's objection and will adopt the R&R pertaining to plaintiff's razor blade and failure to intervene claims. As such, this case will be remanded to Magistrate Judge Schwab for further proceedings involving plaintiff's razor blade and failure to intervene claims. An appropriate order follows.

Date:  3/13/14                         s/ James M. Munley
                                                   **JUDGE JAMES M. MUNLEY**
                                                   **United States District Court**

---

[5] The court notes that plaintiff filed a motion seeking an extension of time to respond to the government's objections on March 7, 2014. (Doc. 39). The court will deny this motion because count one has been dismissed as futile and counts two and three will be allowed to proceed.