# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES SCHINGLER, | : | No. 3:13cv1388 |
|     Plaintiff | : | |
| v. | : | (Judge Munley) |
| | : | |
| UNITED STATES OF AMERICA, | : | (Magistrate Judge Schwab) |
|     Defendant | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

Before the court for disposition is plaintiff's motion to alter or amend a judgment.[1] Plaintiff's motion seeks to alter the court's memorandum and order (Docs. 41, 42), which dismissed plaintiff's cell placement claim with prejudice. This motion is fully briefed and ripe for disposition.

---

[1] Plaintiff brings the instant motion pursuant to Federal Rule of Civil Procedure 54(b), which provides that:

> The court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

FED. R. CIV. P. 54(b). Plaintiff, however, is asking the court to reconsider the dismissal of his cell placement claim. As such, the court construes the instant motion as a Rule 60(b) motion for partial relief from a judgment or order.

**Background**

The instant *pro se* Federal Tort Claims Act (hereinafter "FTCA") action arose from Plaintiff James Schingler's (hereinafter "plaintiff") incarceration at the United States Penitentiary-Lewisburg (hereinafter "USP Lewisburg").[2] Plaintiff alleges that on November 22, 2010, Inmate Taylor (hereinafter "Taylor") attacked him. (Doc. 1, Compl. ¶ 1). Evidently, the Corrections Officers were moving Taylor into plaintiff's cell. Specifically, Corrections Officers came to plaintiff's cell and handcuffed plaintiff's hands behind his back. (Id. ¶¶ 1, 18-19). Corrections Officers next ordered plaintiff to move away from his cell door and face the back of his cell. (Id. ¶ 19). Taylor was allowed to enter plaintiff's cell and Corrections Officers closed the cell door. (Id. ¶ 20). Corrections Officers then removed Taylor's handcuffs. (Id.)

Immediately after the removal of his restraints, Taylor brandished a previously hidden slicing weapon and viciously attacked plaintiff. (Id. ¶ 21). Taylor also struck plaintiff with his fist and foot. (Id.) Plaintiff claims he ran to his cell door and pleaded with officers to help or remove his handcuffs. (Id.) The Corrections Officers, however, failed to intervene. (Id.)

---

[2] Plaintiff is presently incarcerated at USP Canaan. (Doc. 36). The alleged events, however, occurred while plaintiff was incarcerated within the Special Management Unit at USP Lewisburg. (Doc. 1, Compl. ¶¶ 6, 18).

2

Taylor resumed his attack and inflicted a six (6) centimeter long laceration on plaintiff's neck.  (Id. ¶¶ 21, 25).  Corrections Officers repeatedly ordered Taylor to stop and eventually dispersed pepper spray into the cell until Taylor succumbed to its effects allowing Corrections Officers to enter the cell and handcuff him.  (Id. ¶ 22).

Plaintiff was taken to a medical examination room and treated for cuts, abrasions and the six (6) centimeter laceration, which required skin adhesive and sutures.  (Id. ¶ 25).  In addition to the physical trauma, plaintiff contends that he suffers from emotional and psychological pain and suffering and has been diagnosed with Post Traumatic Stress Disorder and anxiety.  (Id. ¶ 26).

Based on these allegations, plaintiff filed a three-count negligence complaint under the FTCA.  Plaintiff alleges that the government was negligent in: (1) placing Taylor in plaintiff's cell; (2) allowing Taylor to possess an illegal razor-type weapon; and (3) failing to immediately enter plaintiff's cell to stop the attack.

On August 23, 2013, the government filed a motion to dismiss all claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  (Doc. 17).  On January 23, 2014, Magistrate Judge Schwab recommended denying the government's motion to dismiss.  (Doc. 31).  On March 13, 2014, the court did

not adopt Judge Schwab's recommendation regarding plaintiff's cell placement claim and dismissed this claim with prejudice. Plaintiff then filed the instant motion bringing the case to its present posture.

**Legal Standard**

Federal Rule of Civil Procedure 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding" on one of six grounds, which include: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct by the opposing party; (4) a void judgment; (5) the judgment has been satisfied or 6) any other reason that justifies relief. FED. R. CIV. P. 60(b). Plaintiff does not specify on which of these grounds he attempts to proceed. Based on plaintiff's motion and supporting brief, the court assumes that plaintiff brings his motion under the "any other reason" ground in Rule 60(b)(6). None of the other grounds appear to apply.

Rule 60(b)(6) is "intended to be a means for accomplishing justice in extraordinary situations." Ackermann v. United States, 340 U.S. 193, 199 (1950); Kock v. Gov't of the V. I., 811 F.2d 240, 246 (3d Cir.1987). It is well settled that relief under Rule 60(b)(6) is "extraordinary and may be granted

4

only upon a showing of exceptional circumstances." In re Fine Paper Antitrust Litig., 840 F.2d 188, 194 (3d Cir. 1988); U.S. Steel Corp. v. Fraternal Ass'n of Steel Haulers, 601 F.2d 1269, 1274 (3d Cir.1979).

**Discussion**

In our order dated March 13, 2014, we granted the government's motion to dismiss plaintiff's cell placement claim. Specifically, we stated in our memorandum that the United States, as a sovereign, is generally immune from suit. S.R.P. ex rel. Abunabba v. United States, 676 F.3d 329, 332 (3d Cir. 2012). The FTCA, however, waives the government's immunity "for torts committed by 'any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" Id. (quoting 28 U.S.C. § 1346(b)(1)).

In relevant part, the FTCA sets forth a discretionary function exception to the waiver of sovereign immunity. Under that exception, the government remains immune from suit for any claim "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government,

5

whether or not the discretion involved be abused." 28 U.S.C. § 2680(a).

In applying the discretionary function exception, the court first identifies the conduct at issue, that is, the conduct that led to injury. S.R.P., 676 F.3d at 332. The court must then conduct a two-step inquiry. First, it "must determine whether the act giving rise to the alleged injury involved an element of judgment or choice." Id. at 332-33 (internal quotation marks and citation omitted). If a specific course of conduct **was** prescribed, the exception **does not** apply. Id. at 333 (emphasis added). Second, if a specific course of conduct **was not** prescribed, the court must determine "whether the challenged action or inaction is of the kind that the discretionary function exception was designed to shield." Id. (internal quotation marks and citation omitted) (emphasis added). The second step is intended to protect governmental conduct "based on considerations of public policy." Id.

Based on these standards, we held that the discretionary function exception precluded plaintiff's cell placement claim. Specifically, the government's decision to place Taylor in plaintiff's cell involved an element of choice pursuant to 18 U.S.C. §§ 4042(a)(2)-(3).[3] Moreover, this conduct is of

---

[3] These sections require the Bureau of Prisons to provide for the protection and safekeeping of inmates in its care. 18 U.S.C. §§ 4042(a)(2)-(3).

a type that the exception was intended to protect–giving prison officials wide-ranging deference in implementing its policies pertaining to internal discipline and institutional security.

Plaintiff now moves to alter or amend the court's prior order dismissing this claim because the court considered evidence outside of the pleadings when determining that the discretionary function exception applied. Plaintiff conflates the legal standards of Rule 12(b)(1) and 12(b)(6) motions to dismiss.

The court tests the sufficiency of the complaint's allegations when considering a Rule 12(b)(6) motion. All well-pleaded allegations of the complaint must be viewed as true and in the light most favorable to the non-movant to determine whether, "'under any reasonable reading of the pleadings, the plaintiff may be entitled to relief.'" Colburn v. Upper Darby Twp., 838 F.2d 663, 665-66 (3d Cir. 1988) (quoting Estate of Bailey by Oare v. Cnty. of York, 768 F.2d 503, 506 (3d Cir. 1985)).

On the other hand, a Rule 12(b)(1) motion allows a court to dismiss a complaint for "lack of subject-matter jurisdiction." Here, the government's Rule 12(b)(1) motion amounted to a factual attack on the court's jurisdiction, because it challenged not merely "an alleged pleading deficiency, but rather the actual failure of [plaintiff's] claims to comport with the jurisdictional

prerequisites" of the FTCA. United States ex rel. Atkinson v. Pa. Shipbuilding Co., 473 F.3d 506, 514 (3d Cir. 2007). As such, plaintiff bore the burden of establishing jurisdiction, and unlike a 12(b)(6) motion, no presumptive truthfulness attached to the allegations in the complaint. Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). Moreover, **the court may consider evidence outside the pleadings because the court is the "ultimate finder of fact" on jurisdictional questions**. S.R.P. ex rel. Abunabba, 676 F.3d at 343 (emphasis added). In short, a 12(b)(1) motion allows the court to consider evidence outside of the pleadings to determine whether the discretionary function exception precluded plaintiff's cell placement claim.

Additionally, plaintiff does not demonstrate any other reason that justifies relief. Plaintiff's motion is not based on an intervening change in controlling law or new evidence not previously available. Plaintiff fails to argue that the court committed a manifest error of law. Finally, the court thoroughly considered and rejected plaintiff's cell placement claim. See Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (stating that a motion for reconsideration is not a proper vehicle to merely attempt to convince the court to rethink a decision it has already made); In re Blood

Reagents Antitrust Litig., 756 F. Supp. 2d 637, 640 (E.D. Pa. 2010) ("It is improper on a motion for reconsideration to ask the court to rethink what it had already thought through–rightly or wrongly." (quotations marks and citations omitted)). Accordingly, we will deny plaintiff's request to alter or amend our memorandum and order dismissing his cell placement claim.

**Conclusion**

For the reasons stated above, the court will deny plaintiff's motion to alter or amend a judgment. An appropriate order follows.

**Date: 5/21/14**               s/ James M. Munley
                                **JUDGE JAMES M. MUNLEY**
                                **United States District Court**